Otis GRANT, Petitioner,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
Respondent.

No. 05–4614–ag.

United States Court of Appeals,
Second Circuit.

July 17, 2008.

Otis Grant, Beacon, NY, pro se, for petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, William F. Larkin, Assistant United States Attorney, Syracuse, NY, for Respondent.

PRESENT: RICHARD J. CARDAMONE, ROSEMARY S. POOLER, Circuit Judges, JOHN F. KEENAN,* District Judge.

## SUMMARY ORDER

Petitioner Otis Grant, a native and citizen of Jamaica, seeks review of an order of the BIA affirming an order of Immigration Judge ("IJ") Mitchell Levinsky, finding Grant ineligible for any relief from deportation and directing his removal to Jamaica. *In re Otis Kirk Grant*, No. A35 770 632 (B.I.A. June 18, 2001), *aff'g* No. A35 770 632 (Immig.Ct. Jan. 11, 2001). Grant makes several arguments, only one of which has not yet been squarely rejected by this circuit. An accompanying per curiam opinion resolves the issue on which we have no directly applicable precedent, while this order disposes of all other issues.

Grant sought to obtain relief from deportation based on former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c) (repealed 1996). The agency correctly found that Grant was ineligible for Section 212(c) relief. The criminal conduct justifying Grant's removal occurred on May 10, 1995, and his conviction on May 20, 1996. Effective April 24, 1996, the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") eliminated Section 212(c) relief for persons convicted of aggravated felonies. *See* Pub. L. No. 104–132, § 440(d), 110 Stat. 1214, 1227. Murder has been considered an aggravated felony under the INA since 1988. *See Guaylupo–Moya v. Gonzales*, 423 F.3d 121, 126 (2d Cir.2005) (citing Anti–Drug Abuse Act of 1988, Pub. L. No. 100–690, Title VII, Subtitle J, § 7342, 102 Stat. 4181, 4469–70 (codified at 8 U.S.C. § 1101(a)(43))). Under these circumstances and especially because Grant's murder conviction occurred after AEDPA's effective date, there can be no impermissible retroactive effect.** *See*

---

* The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

** Because the murder conviction suffices to bar Grant from Section 212(c) relief, we need not address his argument that the possession conviction is an insufficient bar because he had served fewer than five years in prison at the time he was served with a notice to appear. In any case, this argument has already been addressed and rejected by this court. *See Buitrago–Cuesta v. INS*, 7 F.3d 291, 296 (2d Cir.1993) (holding that time spent in prison while deportation or removal proceedings are pending counts toward the five year period specified in former Section 212(c)).

*Khan v. Ashcroft,* 352 F.3d 521, 522–23, 525 (2d Cir.2003); *Domond v. INS,* 244 F.3d 81, 85–86 (2d Cir.2001).

Grant also sought relief pursuant to INA § 212(h), 8 U.S.C. § 1182(h). But the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") amended Section 212(h) to preclude family hardship waivers for lawful permanent residents convicted of aggravated felonies. *See Guaylupo–Moya,* 423 F.3d at 124 (citing IIRIRA, Pub. L. No. 104–208, Div. C., Title III, 110 Stat. 3009–546 (enacted Sept. 30, 1996)). While IIRIRA was enacted after Grant's conviction, we have held that the amendment in question was clearly intended to have a retroactive effect and thus must be applied retroactively. *Id.* at 129–31.

Finally, contrary to his claim, Grant cannot be naturalized based on his ex-wife's citizenship because his conviction for an aggravated felony permanently bars him from citizenship. 8 U.S.C. §§ 1427(a), 1101(a)(43)(A), (f)(8); *see also Chan v. Gantner,* 464 F.3d 289, 292–94 (2d Cir. 2006)

For these reasons and the reasons stated in the accompanying opinion, we deny review.